UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| UNITED STATES, | No. C 13-00229 EMC (MEJ) |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | |
| JAQUAIN YOUNG, | |
| Defendant. | |

On December 10, 2013, the parties filed a joint letter detailing a dispute over discovery Defendant Jaquain Young alleges the Government has wrongfully withheld. Jt. Ltr., Dkt. No. 36. Specifically, Defendant seeks an order compelling the Government to produce the following:

> (1) All applications and affidavits in support of the order authorizing the pen register for Defendant's phone(s), along with any other electronic surveillance of defendant or cellular phone numbers (408) 375-7277, (626) 277-1938, and (415) 623-4491;
>
> (2) All wiretap recordings of Defendant that the Government has obtained in the course of its racketeering investigation; amd
>
> (3) All Facebook communications between the SFPD undercover officer ("UC") and third parties.

*Id*. at 2. After carefully considering the parties' arguments, the Court **DENIES** Defendant's request in its entirety.

**1.    Pen Register Applications and Orders**

The parties first dispute whether the Government is required to produce pen register applications and orders. *Id.* at 2-5. Defendant asserts that the pen register applications – including applications and affidavits submitted in support – must be produced because "[w]ithout access to applications and affidavits, Mr. Young is unable to determine whether the authorizations were legally obtained or whether the evidence derived therefrom is subject to suppression." *Id*. at 3. However, the Court agrees with the Government that Defendant has failed to demonstrate that the applications,

supporting documents, and orders are necessary to his defense or otherwise discoverable. *See, e.g., United States v. West*, 633 F. Supp. 2d 447, 451-52 (E.D. Mich. 2009) (denying defendants' request to compel production of pen register information and supporting documents on the ground that defendants failed to show how such documentation would assist in preparing defense); *United States v. Chavez-Chavez*, 2008 WL 1847229, at *3-4 (S.D. Cal. Apr. 22, 2008) (denying motion to compel applications and order for pen registers based in part on finding that the defendant" has not identified a legal basis for asserting that a violation of the pen register statute could lead to the exclusion of the wiretap evidence in this case."). The Court therefore **DENIES** Defendant's request to compel production of these materials.

## 2. <u>Wiretap Recordings</u>

Next, Defendant moves to compel production of all wiretap recordings of Defendant's communications obtained by the Government in the course of its racketeering investigation. Jt. Ltr. at 6. He argues that the Government has expressed its intention to use the present action as a predicate offense to a racketeering indictment against Mr. Young, and therefore "[a]ny wiretap recordings of Mr. Young's communications obtained in the course of the [Government's racketeering investigation and therefore *per se* relevant to the present action," and thereby discoverable pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E). *Id*. Defendant further argues that he "has a right to notice of the wiretaps pursuant to 18 U.S.C. § 2518(8)(d), which requires that persons named in a wiretap order or application *must* be given proper inventory notice." *Id*. Finally, Defendant argues that the Government must disclose the communications pursuant to Rule 16(a)(1)(B)(i). *Id*.

In response, the Government asserts that it has complied with its Rule 16 and *Brady* obligations and produced all discovery relevant to the instant case. *Id*. at 7. It asserts that Defendant has cited to no authority supporting his argument that he is entitled to obtain evidence regarding crimes that the Government may or may not elect to charge in the future. The Court agrees with the Government. Accordingly, the Court **DENIES** Defendant's request.

### 3. UC Facebook Data

Finally, Defendant moves to compel production of all Facebook communications between the UC and third parties. Jt. Ltr. at 7. He argues that these conversations constitute relevant prior statements of a witness and must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500. *Id.*

The Government, however, maintains that even if the statements Defendant seeks falls within the scope of the Jencks Act, they are not subject to discovery until *after* the witness has testified on direct examination. *Id.* at 9 (citing 18 U.S.C. § 3500(a), (b); *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986); *United States v. Mills*, 641 F.2d 785, 789-90 (9th Cir. 1981)). Thus, the Government argues that Defendant's request is premature. It further contends that, under the Jencks Act, discoverable statements must relate to the subject matter as to which the witness has testified. *Id.* (citing 18 U.S.C. § 3500(b)). At this stage, however, Defendant has failed to articulate how "all prior statements of the UC" to other targets unrelated to this case are material; rather, Defendant simply asserts that the statements *likely* contain information that could be used by Defendant. The Court agrees with the Government that Defendant has failed to establish that he is entitled to such discovery at this time. Accordingly, the Court **DENIES** Defendant's request.

**IT IS SO ORDERED.**

Dated: December 27, 2013

_____
Maria-Elena James
United States Magistrate Judge